NO. 13-3359

# In the
# United States Court of Appeals
# for the Eighth Circuit

LOUIS W. FRILLMAN AND CAROL A. FRILLMAN

*Plaintiff - Appellants,*

*v.*

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF
THE HOME EQUITY MORTGAGE LOAN ASSET-BACK TRUST SERIES
SPMD 2004-A, HOME EQUITY MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES SPMD 2004-A UNDER THE POOLING AND
SERVICING AGREEMENT DATED JUNE 1, 2004

*Defendant - Appellee,*

**On Appeal from the United States District Court
for the District of Minnesota, No. 12-2976**

## APPELLANTS' REPLY BRIEF

Jonathan L. R. Drewes (#387327)     Christina Snow (#034963X)
Caitlin Guilford (#390867)          Wilford, Geske & Cooke
Drewes Law, PLLC                    8425 Seasons Parkway, Suite 105
1516 West Lake Street, Suite 300    Woodbury, MN 55125
Minneapolis, MN 55408               (651) 209-3300

(612) 285-3051
*Attorneys for Plaintiff-Appellants*

*Attorneys for Defendant-Appellee*

Christopher T. Borniger (#64448)
Morris Laing, Evans, Brock &
Kennedy, Chtd.
300 N. Mead, Suite 200
(316) 262-6226
*Attorneys for successor-in-interest to Defendant-Appellee*

# TABLE OF CONTENTS

Table of Contents……………………….….…..………………………..i

Table of Authorities………………………….….…..……..….…..….…iii

ARGUMENT……………………………………..………..…..………..7

    I.    Homeowners Have Standing to Void
        the Foreclosure………….…..…………..……..………………..7

        A.    *Hunter* confirms that prejudice to the homeowner is
               irrelevant in determining whether a party has standing to
               challenge a foreclosure sale ……………….………….……2

        B.    *Safety Signs* provides guidance in applying the strict
               compliance standard articulated in *Ruiz*…….…..……….5

            1.    Safety Signs clarifies the Minnesota Supreme
                   Court's position in Ruiz …………….………….…6

            1.    *Safety Signs*, *Ruiz* and *Hunter* provide the best
                   guidance on the standing/prejudice nexus..……..…7

    II.    The Forbearance Agreement Between Homeowners and
        Foreclosing Party Had No Effect on the Legitimacy of the
        Foreclosure Sale…………………………………………..……….10

        A.    Errors in the foreclosure process cannot be
               'waived'…………………………………..………….12

        B.    Compliance with the statute was not 'waived' in Ruiz in
               spite of homeowner's engagement in loss mitigation
               efforts following commission of the error…..……..….14

Appellate Case: 13-3359    Page: 3    Date Filed: 02/05/2014    Entry ID: 4120739

III. Homeowners' Complaint Survives Scrutiny Under *Iqbal/ Twombly*………..……..…………………………...…..…....……..…..15

    A. Service on the incorrect party is a verifiable fact and not a legal conclusion.…………….....……………………..……...16

Certificate of Compliance…………………………………………………20

Virus Scan Certificate……………………………….……………………21

Certificate of Service……………………………….……………………22

Appellate Case: 13-3359     Page: 4     Date Filed: 02/05/2014 Entry ID: 4120739

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
     556 U.S. 662 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)….…………16, 17

*Badrawi v. Wells Fargo Home Mortgage, Inc.*,
     718 F.3d 756 (8th Cir. 2013)..…………………………….………...……..4-5

*Bell Atl. Corp. v. Twombly*,
     550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)….….…16, 17

*Casey v. McIntrye*, 45 Minn. 526 (Minn. 1891)…………….………..……………8

*Casserly v. Morrow*, 101 Minn. 16 (Minn. 1907)…………...……………..8, 9

*Farm Credit Bank v. Kohnen*, 494 N.W.2d 44 (Minn. Ct. App. 1992)…….7, 9-10

*Holmes v. Crummett*,
     30 Minn. 23, 25, 13 N.W. 924 (1882)………...…….……………….7-8, 9

*Hunter v. Anchor Bank, N.A.*, Case No. A13-0515, 2013 (Minn. Ct. App. Dec.

23, 2013)……………………………………………..………………*in passim*

*Jackson v. Mortg. Elec. Registration Sys., Inc.*,
     770 N.W.2d 487 (Minn. 2009).…………………….………..……*in passim*

*John W. Swensen & Sons, Inc. v. Aetna Life Ins. Co.*, 571 F.Supp. 895, 901 (D.

Minn. 1983)……………………………………………………………12-14

*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)………17

Appellate Case: 13-3359     Page: 5     Date Filed: 02/05/2014 Entry ID: 4120739

*Rostamkhani v. Option One Mortg. Corp.*, 2011 U.S. Dist. LEXIS 88640, 9-10

(D. Minn. Aug. 9, 2011)…………………………………………………………12

*Ruiz v. 1st Fid. Loan Servicing*, LLC,
     829 N.W.2d 53 (Minn. 2013)………………………..……………*in passim*

*Safety Signs, LLC v. Nikles-Wiese Constr. Co.*,
     840 N.W.2d 34 (Minn. 2013)………………..………………….…2, 5-7

*Slater v. Alliance Bank*, 2011 Minn. App. Unpub. LEXIS 1021 (Minn. Ct. App.
Nov. 21, 2011)………..……….………………………………………………7, 9

*Swain v. Lynd*, 76 N.W. 958 (Minn. 1898)……….…………….…………….…8

*Swope v. Siegel-Robert, Inc.*,
     243 F.3d 486 (8th Cir. 2001)…………….….……….………………...…5

## **Statutes**

Minn. Stat. § 580.03………………….….………………………………6, 9, 11

Minn. Stat. § 580.07…………………………….…………………..…………….15

Minn. Stat. § 580.08……………………….….……………………2, 3, 13

Appellate Case: 13-3359   Page: 6   Date Filed: 02/05/2014 Entry ID: 4120739

## INTRODUCTION

Appellants Louis W. Frillman and Carol A. Frillman ("Homeowners")
submit this reply to the brief of Respondent Deutsche Bank National Trust
Company, as Trustee of the Home Equity Mortgage Loan Asset-Back Trust
Series SPMD 2004-A, Home Equity Mortgage Loan Asset-Backed
Certificates, Series SPMD 2004-A under the Pooling and Servicing
Agreement dated June 1, 2004 ("Foreclosing Party").

## ARGUMENT

### I.    Homeowners Have Standing to Void the Foreclosure Sale.

*Hunter v. Anchor Bank, N.A.*, a published Minnesota Court of Appeals
decision rendered on December 23, 2013, rejects Foreclosing Party's
argument that homeowners in a foreclosure case lack standing absent a
showing of prejudice. *Hunter v. Anchor Bank, N.A.*, __ N.W.2d___, 2013
Minn. App. LEXIS 115, Case No. A13-0515 (Minn. Ct. App. Dec. 23, 2013)
(overruling the district court's holding "that the sale was voidable and that
Hunter had failed to submit evidence of prejudice or good cause to void
the sale"). Read together, *Hunter* and the 2013 Minnesota Supreme Court

Appellate Case: 13-3359     Page: 7     Date Filed: 02/05/2014 Entry ID: 4120739

cases *Safety Signs, LLC, v. Nikles-Wiese Constr. Co.*, 840 N.W.2d 34 (Minn. 2013), and *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53 (Minn. 2013), compel the conclusion that the issue of prejudice is wholly irrelevant to the question of standing in cases brought for noncompliance of Chapter 580.

### A. *Hunter* confirms that prejudice to the homeowner is irrelevant in determining whether a party has standing to challenge a foreclosure sale.

"The district court agreed with Emigrant Mortgage, reasoning that the sale was voidable and that Hunter had failed to submit evidence of prejudice or good cause to void the sale…

To resolve the parties' arguments concerning the proper interpretation of section 580.08, we rely on the supreme court's most recent caselaw concerning chapter 580. In those opinions, the supreme court required strict compliance with another section of chapter 580. *See Ruiz*, 829 N.W.2d at 56-59; *Jackson*, 770 N.W.2d at 492. In its most recent opinion, the supreme court held that non-compliance with a statutorily required foreclosure-by-advertisement procedure causes a foreclosure to be void. *See Ruiz*, 829 N.W.2d at 59. In *Ruiz*, the supreme court cited *Moore* in connection with the argument that prevailed and cited *Willard* in connection with the argument that did not prevail. Compare id. at 56 (*citing Moore*, 112 Minn. at 434, 128 N.W. at 579), with id. at 57 (*citing Willard*, 42 Minn. at 478-79, 44 N.W. at 985-86). Thus, the supreme court implicitly rejected [*15] the *Willard-Clark-Phelps* line of cases in favor of *Moore*.

*Hunter,* 2013 Minn. App. LEXIS 115 at 6, 14-15.

We conclude that the district court erred by granting summary judgment to Emigrant Mortgage with respect to Hunter's claim to set aside the foreclosure sale because the foreclosure-by-advertisement **statutes** require strict compliance such that a non-compliant foreclosure sale is void.

*Hunter*, 2013 Minn. App. LEXIS 115 at 2.
(**emphasis** of plural "statutes" added).

For the reasons stated above, we conclude that section 580.08 requires strict compliance. If separate parcels of mortgaged property are not sold separately at a foreclosure sale, the foreclosure sale is void, **without any need for the mortgagor to prove additional facts, such as fraud, prejudice, or good cause.** In this case, Emigrant Mortgage sold the two separate mortgaged properties in one foreclosure sale, in violation of section 580.08. Accordingly, the foreclosure sale is void.

*Id.* at 16 (**emphasis** added.)

The appellate court in *Hunter* did not overturn the district court's ruling that no evidence of prejudice was presented to the lower court, but rather the decision was overturned because prejudice is not a required element of a property owner's claim when objecting to a failure in the process of a foreclosure of his or her land.

As articulated in *Ruiz* and *Jackson*, strict compliance applies to all statutes, in the plural, of chapter 580: "The supreme court's recent opinions

on chapter 580 indicate that a failure to strictly comply with any statute in chapter 580 causes a foreclosure to be void." *Hunter*, 2013 Minn. App. LEXIS 115 at 10 (acknowledging "*Jackson* was concerned with section 580.02 but used a plural noun when discussing the foreclosure-by-advertisement statutes.").

Responding to the foreclosing party's argument that *Ruiz* did not specifically address the section at issue, the *Hunter* court reasoned:

> But this contention reflects an unduly narrow reading of the supreme court's recent caselaw. [The foreclosing party's] argument essentially would require this court to wait until the supreme court adopts a strict-compliance approach on a section-by-section basis, and it would require this court to apply contrary caselaw until such time as the supreme court decides a case that raises the precise issue that is raised in this case.

*Hunter*, 2013 Minn. App. LEXIS 115 at 15. Indeed, such an outcome would be absurd and not intended by the Minnesota Supreme Court.

Foreclosing Party mistakenly suggests that the Eighth Circuit Court's holding in *Badrawi* controls; yet, in *Badrawi v. Wells Fargo Home Mortgage, Inc.*,, this Court stated that if the state supreme court has not ruled on a particular issue, we 'must determine what rule [it] would apply' by looking

to other '[s]tatements made by the . . . court' and 'rulings by inferior state appellate courts.' *Badrawi*, 718 F.3d 756, 758 (8th Cir. 2013). This court has also held that "where the state's highest court has not ruled, we *must* follow the decisions of the state's intermediate courts when they are the best evidence of what the state's law is." *Swope v. Siegel-Robert, Inc.*, 243 F.3d 486, 493 (8th Cir. 2001). This court is not bound by the conclusions of the *Badrawi* court if that "best evidence" has changed. The Minnesota Court of Appeals has since ruled directly on the matter of which statutes in Chapter 580 require strict compliance, all of them: "a failure to strictly comply with any statute in chapter 580 causes a foreclosure to be void." *Hunter*, 2013 Minn. App. LEXIS 115 at 10. This is the end of the inquiry unless and until the Minnesota Supreme Court rules otherwise.

**B.  *Safety Signs* provides guidance in applying the strict compliance standard articulated by *Ruiz*.**

The Minnesota Supreme Court's holding in *Safety Signs* compels the conclusion that Homeowners have standing as it: (1) it reaffirms the effect of the Minnesota Supreme Court's statutory interpretation of 'shall' to mean strict compliance, and (2) the Court's holding that the appellant

Page 5 of 22

"clearly" had standing notwithstanding the fact that the basis of their claim was a failure of service without prejudice, in parallel with Homeowners' position. *See Safety Signs, LLC v. Niles-Wiese Constr. Co.*, 2013 Minn. 741 (Minn. Dec. 4, 2013).

> **1.** *Safety Signs* **clarifies the Minnesota Supreme Court's position in** *Ruiz.*

Minnesota Statutes section 580.03 states, in relevant part, " . . . at least four weeks before the appointed time of sale a copy of such notice **shall** be served in like manner as a summons in a civil action in the district court upon the person in possession of the mortgaged premises, **if the same are actually occupied.**"(emphasis added). The Minnesota Supreme Court in *Safety Signs* stated:

> In analyzing whether strict compliance with a statute is mandatory, we are guided by the language of the statute, *Ruiz v. 1st Fid. Loan Servicing, LL,* 829 N.W.2d 53, 57-58 (Minn. 2013). In *Ruiz*, for example, we considered a statute that ''[t]o entitle any party to make [a] foreclosure [by advertisement], it is requisite ''that all assignments of a mortgage be recorded. . ."[In *Ruiz*, w]e held that such language "unambiguously mandates strict compliance" with the recording requirement in order to properly conduct a foreclosure by advertisement. [Ruiz,] at 58.

*Safety Signs*, 840 N.W.2d at 38-39.

In *Safety Signs*, the language of the statute at issue reads "no action shall be maintained . . . unless" pre-suit notice is served on the surety and the contractor "at their addresses as stated in the bond." *Safety Signs*, 840 N.W.2d at 39. Proper service was made on Respondent Westfield Insurance, Co., but the Supreme Court nonetheless found they had standing to make the claim that service was improper on another party: exactly the scenario in this case. As in *Safety Signs*, here the mandatory language requiring service of process on another was not met.

> **2.** ***Safety Signs*, *Ruiz* and *Hunter* provide the best guidance on the standing/prejudice nexus.**

The cases cited by Foreclosing Party as 'directly on point' and preferable as guidance to *Safety Signs, Ruiz,* and *Hunter* are: a case from 1884 (*Holmes v. Crummett*, 30 Minn. 23 (Minn. 1882) specifically cited and not followed by *Ruiz*; an unpublished decision from the Minnesota Court of Appeals in 2011 *(Slater v. Alliance Bank*, 2011 Minn. App. Unpub. LEXIS 1021 (Minn. Ct. App. Nov. 21, 2011)(holding mortgagor lacked standing where the mortgaged premises was unoccupied)); and a Court of Appeals case from 1992 (*Farm Credit Bank v. Kohnen*, 494 N.W.2d 44 (Minn. Ct. App.

Appellate Case: 13-3359    Page: 13    Date Filed: 02/05/2014 Entry ID: 4120739

1992)(holding that service of process was effectuated where one of the occupants on a one-tract property was served).

In *Casserly v. Morrow*, the Minnesota Supreme Court distinguished *Holmes* in finding that service was not effectuated where the mortgaged premises consisted of two tracts of land and the occupant of one of the tracts was not served. *Casserly v. Morrow*, 101 Minn. 16 (Minn. 1907).

> A failure to comply with this statute invalidates the foreclosure. The service of this notice upon the occupant is required, not solely for his benefit, but as the means of communicating through him notice to all who may be interested in the land, and any person having an interest in the mortgaged premises, or any part thereof, derived through the mortgagor, may have the foreclosure sale set aside, if the statute is not complied with."

*Casserly v. Morrow*, 111 N.W. 654, 656 (Minn. 1907) (citing *Holmes v. Crummett*, 13 N.W.924 (Minn. 1882); *Casey v. McIntrye*, 45 Minn. 526 (Minn. 1891), and *Swain v. Lynd*, 76 N.W. 958 (Minn. 1898). The *Casserly* court distinguished *Holmes* based on the fact that the mortgaged premises in *Holmes* was one tract of land, so there could only have been one actual occupant, whereas in *Casserly* service was required on the occupant of each of two tracts. *Casserly*, 101 Minn. at 21. *Casserly* effectively either overrules

Appellate Case: 13-3359   Page: 14   Date Filed: 02/05/2014 Entry ID: 4120739

*Holmes*, or limits its holding to the specific factual background described: that service is effectuated where one occupant is served and the premises consists of one tract of land. Here service was made upon a neighbor and not even an occupant of property foreclosed—significantly different from the facts in *Holmes*.

In *Slater*, which is, again, an unpublished Court of Appeals decision and therefore of limited precedential value, the court found that service was effectuated through published notice where the mortgaged premises was **unoccupied**. Mortgagor challenged the foreclosure under 580.03 because he claimed that there were tenants in the property, in spite of the fact that the process server attested that he observed no vehicles, unplowed/unshoveled snow, and, in general, no signs that anyone was occupying the property when service was attempted; basically, the crux of mortgagor's claim was that the process server's affidavit of vacancy was invalid. Here, the process server attested to a verifiable and rebuttable fact: that he served someone who did not occupy, and had never occupied, the mortgaged premises.

Appellate Case: 13-3359    Page: 15    Date Filed: 02/05/2014 Entry ID: 4120739

Finally, the Court of Appeals case *Farm Credit Bank v. Kohnen*, involved a situation similar to that in *Casserly*: the mortgaged premises was occupied by both the mortgagors and their daughter, who lived in a mobile home with her husband; mortgagors challenged the foreclosure sale because their daughter was not served. The court distinguished the holding in *Casserly* because there was only one tract of land and found that service was properly effectuated where service was made on the mortgagors.

Furthermore, any lingering confusion on the question of whether prejudice is relevant to standing in cases brought under Chapter 580 has been dispelled with the 2013 decisions of *Ruiz* and *Hunter*, discussed supra.

## II. The Forbearance Agreement Between Homeowners and Foreclosing Party Had No Effect on the Legitimacy of the Foreclosure Sale.

The terms of the forbearance agreement entered into between Homeowners and Foreclosing Party are irrelevant to the question of whether proper service was effectuated. First of all, the case on which Foreclosing Party relies has been modified or overruled by the subsequent

Appellate Case: 13-3359    Page: 16    Date Filed: 02/05/2014 Entry ID: 4120739

Minnesota Supreme Court rulings in *Jackson* and *Ruiz*. Second, the forbearance document was not recorded with the county and, therefore, prospective bidders at the foreclosure sale were unaware of its existence, or the fact that any additional service had been waived. The erroneous service, however, was knowable to public bidders because a party unassociated with the foreclosed premises was named on the affidavit of service.

Furthermore, the situation in *Ruiz* is instructive because the homeowner in that case received multiple communications from the mortgagee/servicer following initiation of the foreclosure and commission of the process error, as discussed by the Court without hindering its decision to find the sale void. *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W. 2d 53, 55 (Minn. 2013) (noting "1st Fidelity served Ruiz with a notice of foreclosure sale and several other notices required by Minn. Stat. § 580.03. Ruiz then served and filed an affidavit of postponement, which postponed the original foreclosure sale date for five months but reduced the redemption period from six months to five weeks.") These fact—her

knowledge of the true identify of the assignee and affirmative actions to postpone the sale—were not probative to the question of whether the statute had been complied with and, accordingly, whether the foreclosure sale was valid. Similarly, here, the fact that Homeowners engaged in loss mitigation efforts following the defective service is irrelevant to the question of statutory compliance.

### A. Errors in the foreclosure process cannot be 'waived.'

First of all, the holding in the district court case cited by Foreclosing Party, *John W. Swensen & Sons, Inc. v. Aetna Life Ins. Co.*, 571 F.Supp. 895, 901 (D. Minn. 1983) as primary support of their 'waiver' argument has been effectively overturned by the Minnesota Supreme Court in *Jackson* and *Ruiz*.: "*John W. Swenson & Sons, Inc.* is of limited precedential value and does not undermine the Minnesota Supreme Court's clear and consistent pronouncement that the foreclosure statute must be construed strictly." *Rostamkhani v. Option One Mortg. Corp.*, 2011 U.S. Dist. LEXIS 88640, 9-10 (D. Minn. Aug. 9, 2011).

Appellate Case: 13-3359    Page: 18    Date Filed: 02/05/2014 Entry ID: 4120739

Further, the set of facts in *Swenson*, are not at all parallel to those here. In *Swenson*, the issue was whether the foreclosure was properly conducted where the tracts of land were sold 'in gross' rather than individually. The mortgagor Swenson challenged the foreclosure based on Minnesota Statute 580.08, which requires "separately and distinct farms or tracts" to be "sold separately" in a foreclosure sale. However, the mortgage contained a waiver of this requirement. The mortgaged premises was initially offered in tracts, but sold as a single unit because a higher bid was offered for a gross sale of the property (accepting the individual bids would have resulted in a '$2.5 million deficiency"). Swenson challenged the sale because he had hoped to selectively redeem individual tracts, but could not afford to redeem the property in gross.

First of all, the *Swenson* court based their decision on the incorrect reasoning that "the Minnesota Supreme Court has held that the statute is directory only, stating that noncompliance with the statute does not make a sale void, but only voidable for good cause shown." *Swenson*, 571 F. Supp. at 901. Strict compliance of the Minnesota foreclosure by advertisement

Appellate Case: 13-3359    Page: 19    Date Filed: 02/05/2014 Entry ID: 4120739

statutes has been confirmed in *Jackson* and, again in 2013, in *Ruiz*. The reasoning upon which the holding in *Swenson* is based has been overruled.

Furthermore, even if the waiver was valid in *Swenson*, the original mortgage, which was recorded in the county records, contained the 'waiver' clause. In this case, the 'waiver' is contained in a forbearance agreement not recorded with the county and otherwise unknown to the public. A prospective bidder on the property in *Swenson* could have reviewed the recorded mortgage to confirm that the requirement that the mortgaged premises be sold in tracts was waived.

**B.  Compliance with the statute was not 'waived' in *Ruiz* in spite of homeowner's engagement in loss mitigation efforts following commission of the error.**

In *Ruiz*, foreclosing party's obligation to comply with the foreclosure statute was not 'waived' by homeowner's communication with the foreclosing party following commission of the error. The error complained of in *Ruiz* was that the public land records showed a mortgage in favor of "1st Fidelity" rather than "1st Fidelity Loan Servicing, LLC" at the time the foreclosure process began: a defect that is hard to be said to have

Appellate Case: 13-3359    Page: 20    Date Filed: 02/05/2014 Entry ID: 4120739

prejudiced *Ruiz* herself, who was in communication with the 1st Fidelity

Loan Servicing, LLC. Ruiz was eventually served a correct notice of the

foreclosure sale and even filed a voluntary postponement of the sale under

580.07 with the county prior to the sale proving her knowledge and receipt

of the sale documents.

Here, Homeowners engaged in loss mitigation negotiations with

Foreclosing Party following its failed service on the occupant of the

foreclosed premises, resulting in a forbearance agreement. Like the

homeowner in *Ruiz*, Homeowners were in contact with Foreclosing Party

after the foreclosure was initiated and obviously were aware of its

existence. This fact was immaterial to the Minnesota Supreme Court and it

is immaterial here: the relevant inquiry is whether Foreclosing Party

complied with the statutory requirements of 580.07, which it did not.

**III.   Homeowners' Complaint Survives Scrutiny Under *Iqbal/Twombly***

Foreclosing Party admits that service must be made 'on the

occupant,' yet still maintains that service was proper without addressing

the facts embodied by the Complaint that show otherwise. As

Appellate Case: 13-3359     Page: 21     Date Filed: 02/05/2014 Entry ID: 4120739

Homeowners discussed in their primary brief, the district court misinterpreted case law related to service and occupancy.

Furthermore, Foreclosing Party uses blanket assertions of noncompliance with *Aschcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp*. v. *Twombly*, 550 U.S. 544 (2007), as basis for dismissing Homeowners' complaint. However, the standard is not impenetrable and merely invoking the case names should not be enough to prevent survival of a complaint containing allegations that, if proven true, form a basis for relief. Homeowners' complaint alleges verifiable factual statements that, if proven, form a basis for relief.

### A. Service on the incorrect party is a verifiable fact and not a legal conclusion.

It is not a conclusory statement to say that Canter, the occupant upon whom service was required, was not served. This is a verifiable factual statement that, if true, would have entitled Homeowners to relief. This statement also could have been supported with an affidavit from Canter and/or a lease confirming his occupancy of the foreclosed premises. Homeowners did not submit any such documents because they were not at

Appellate Case: 13-3359   Page: 22   Date Filed: 02/05/2014 Entry ID: 4120739

a stage in the litigation when they were obligated to do so: in evaluating a motion to dismiss, the judge cannot evaluate any information beyond what was submitted in the pleadings unless the materials "are part of the record or do not contradict in the complaint. . ." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). In spite of this, Foreclosing Party was permitted to submit an affidavit regarding the postponement issue that was not already in the record. The motion to dismiss should have been converted to a summary judgment motion, or Foreclosing Party's affidavit should not have been considered.

Blanket assertions that Homeowners' complaint did not comply with the pleading requirements laid out in *Iqbal* and *Twombly* do not sufficiently support the motion to dismiss. The Supreme Court stated in Iqbal: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for misconduct alleged." *Iqbal*, 556 U.S. at 678.

Homeowners asserted that service was made upon Sara Arne rather than Kelly Canter, the actual occupant of the mortgaged premises. The fact

that Arne, and not Canter, was served is confirmed by viewing the affidavit of service in the sheriff's certificate and foreclosure record, " 'nudg[ing] [their] claims . . across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 680.

Homeowners also alleged that Foreclosing Party failed to send the notice of postponement, a fact that could only be verified by Foreclosing Party through discovery. Homeowners allege they did not receive notice of the postponement, which was the only fact within their knowledge at the outset of the litigation. Seeking to verify the corresponding assumption that the notice of postponement was not, in fact, sent by Foreclosing Party is not a 'fishing expedition,' but rather verification of a credible conclusion drawn from Homeowners' experience and asserted allegations.

*Twombly* and *Iqbal* did raise the standards for pleading, but did not make pleading a cause of action an impossibility. Foreclosing Party's conclusory statements that Homeowners did not comply with the federal pleading standard are unsupported by reasoned analysis. Homeowners

Appellate Case: 13-3359    Page: 24    Date Filed: 02/05/2014 Entry ID: 4120739

stated verifiable facts in their complaint that, if true, form the basis for

relief.

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,559 words as counted by Pages 5.0.1, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Palatino 14 point font (Pages 5.0.1).

*/s/Jonathan L. R. Drewes*
Jonathan L. R. Drewes (#387327)

# VIRUS SCAN CERTIFICATION

The electronic version of the brief and addendum have been scanned

for viruses and are virus-free.

/s/Jonathan L. R. Drewes
Jonathan L. R. Drewes (#387327)

Appellate Case: 13-3359    Page: 27    Date Filed: 02/05/2014 Entry ID: 4120739

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February, 2014, I electronically filed a copy of Appellant's brief to the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

/s/Jonathan L. R. Drewes
Jonathan L. R. Drewes (#387327)

Appellate Case: 13-3359    Page: 28    Date Filed: 02/05/2014 Entry ID: 4120739